## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THE INDEPENDENT ORDER OF FORESTERS

     Plaintiff,

     v.

     No. _____
     1:23-cv-323

JOSEPH SCHWAEGEL,

     Defendant.

## THE INDEPENDENT ORDER OF FORESTERS COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff The Independent Order of Foresters ("Plaintiff") files this Complaint for Declaratory Judgment against Defendant Joseph Schwaegel as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  This lawsuit involves an actual controversy between the parties concerning coverage and benefits under a certificate of life insurance issued by Plaintiff to Leonila Schwaegel that insured her life in the amount of $85,000 (the "Certificate").

2.    Joseph Schwaegel is the husband of Leonila Schwaegel, deceased.  He is the sole beneficiary of the Certificate that is the subject of this lawsuit.

3.    Plaintiff asks the Court for a declaration that coverage under the Certificate is null and void from its inception because of misrepresentations and/or omissions made by Leonila Schwaegel in her application for the life insurance Certificate.  Plaintiff further asks the Court for a declaration that the Certificate is rescinded, with the premium to be returned to Joseph Schwaegel.

## THE PARTIES

4.     Plaintiff The Independent Order of Foresters is a Fraternal Benefits Society organized under the laws of Canada, duly authorized to transact the business of insurance in the State of New Mexico and maintaining its principal place of business in Toronto, Ontario, Canada.

5.     Defendant Joseph Schwaegel is an individual who resides in Española, Rio Arriba County, New Mexico.

## JURISDICTION AND VENUE

6.     This court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in the District of New Mexico pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

8.     Leonila Schwaegel applied for a life insurance Certificate from Plaintiff.  A copy of Leonila Schwaegel's life insurance application is attached hereto as Exhibit A (the "Application").

9.     In completing the Application, Leonila Schwaegel signed the Declarations and Agreements section thereof, which states, in part, as follows:

> *I, as evidenced by my signature(s) in this Application, declare that: 1) I have reviewed the Application. 2) I was asked every question that applies to me and provided the answers shown, in this Application, to these questions. 3) The statements, answers and representations contained in this Application are full, complete and true, to the best of my knowledge and belief.*

...

*I understand and agree that:*

...

*4) The answer, statements and representations contained in this Application will influence the assessment and acceptance of this Application by Foresters. 5) A material misrepresentation, or untrue declaration, or failure to disclose all material facts, may result in loss of coverage or cancellation of the insurance contract."*

10.     Leonila Schwaegel answered "**No**" to the following questions in the Application:

*"15. Within the past 10 years, have you been diagnosed with, or received treatment or medication, tested positive or been given medical advice for:*

*a) Diabetes, high blood pressure, a disease or disorder of the blood or lymphatic system, coronary artery disease, heart murmur, chest pain, irregular heartbeat, aneurysm, stroke, transient ischemic attack, congestive heart failure (CHF), a disease or disorder of the arteries or valves, peripheral vascular or arterial disease (PVD or Pad), or had a heart attack, heart surgery, heart procedure or circulatory surgery?*

...

*f) Blood in the urine, hepatitis, Crohn's disease, Systemic Lupus, cirrhosis, or a disease or disorder of the liver, prostate, bladder, kidney, genito-urinary organs, connective tissue or the digestive immune system (other than HIV)?"*

11.     Leonila Schwagel also answered "**No**" to the following question in the Application:

*"29. Have you ever had an application for life, health, disability, or critical illness insurance declined, rated, or modified?"*

12.     The Application was completed and electronically signed by Leonila Schwaegel on August 7, 2020.

13.     Mrs. Schwaegel answered "**Yes**" to Question 10 in the Application: *"Are you currently taking prescription medication or under treatment*?" She disclosed that she was taking

high blood pressure and pre-diabetic medication.  As a result of her "Yes" answer, Mrs. Schwaegel was required to complete a separate diabetic questionnaire ("Questionnaire").

14.      The Questionnaire asked Mrs. Schwaegel to answer the following:

> *7) Related to this condition, have you been diagnosed, treated, tested positive or been given medical advice by a member of the medical profession for:*
>
> *...*
>
> *iv) Kidney problems (including protein in your urine)?"*

Leona Schwaegel answered "**No**" to the above question on the Questionnaire.

15.      On August 12, 2020, Leonila Schwaegel signed and dated the Questionnaire, a copy of which is attached hereto as Exhibit B.

16.      Plaintiff relied on the answers given by Leonila Schwaegel in the Application and the Questionnaire as true and factual in deciding to issue the Certificate.

17.      Plaintiff issued the Certificate to Leonila Schwaegel, with an issue date of August 21, 2020.  A copy of the Certificate is attached hereto as Exhibit C.

18.      On information and belief, Leonila Schwaegel was rejected for coverage by another life insurance provider on August 5, 2020. A copy of an email to her agent David Murphy is documenting the rejection is attached hereto as Exhibit D.

19.      On August 28, 2020, Leonila Schwaegel signed an Acceptance of Change in Application in which she again confirmed that "[a]ll statements, answers and representations contained in the application are full, complete and true." A copy of the Acceptance of Change is attached hereto as Exhibit E.

20.      The Certificate insured Leonila Schwaegel's life in the amount of $85,000.

21.      The primary and sole beneficiary of the Certificate is Joseph Schwaegel.

22. The certificate contains a provision for a two-year contestable period that gives Plaintiff the right to review the information given in the Application if the policyholder were to die within two years of the issuance of the insurance.

23. Leonila Schwaegel died on September 7, 2021.

24. Leonila Schwaegel died within the contestable period in the Certificate.

25. Joseph Schwagel made a claim under the Certificate following Leonila Schwaegel's death.

26. Plaintiff conducted a review of the information given by Leonila Schwaegel in the Application.

27. As a result of the review, Plaintiff determined that Leonila Schwaegel failed to disclose material information regarding her medical history in the Application.

28. Leonila Schwaegel failed to disclose that she had been diagnosed with, and treated for, aortic valve stenosis with bicuspid aortic and mitral value disorders, chronic kidney disease, and diabetes mellitus with nephropathy.

29. In the Application and the Questionnaire, Leonila Schwaegel affirmatively denied that she had diabetes, heart issues, and kidney problems.

30. The section entitled "Declarations and Agreements" above Leonila Schwaegel's signature in the Application states in part: "The statements, answers, and representations contained in this Application are full, complete, and true to the best of my knowledge and belief."

31. That section also clearly states that: "A material misrepresentation or untrue declaration, or failure to disclose all material facts, may result in loss of coverage or cancellation of the insurance contract."

32.     The Certificate issued to Leonila Schwaegel makes it clear that a change in insurability between the date of the Application and the date of issue results in the Certificate not coming into effect.

33.     On or about April 5, 2022, Plaintiff sent correspondence to Joseph Schwaegel informing him that the results of the contestability review revealed that Leonila Schwaegel made material misrepresentations and/or omissions in the Application by failing to disclose material information regarding her medical history.

34.     Plaintiff informed Joseph Schwaegel that it would not have issued the Certificate as applied for had Plaintiff known the material information concerning Leonila Schwaegel's medical history that she failed to include in the Application.

35.     Plaintiff informed Joseph Schwaegel that these material misrepresentations and/or omissions made it necessary for Plaintiff to rescind the Certificate.

36.     Plaintiff issued Joseph Schwaegel a premium refund check in the amount of $1,691.68 and enclosed it with the rescission letter.

37.     Joseph Schwaegel rejected Plaintiff's tender of the premium refund check and returned the check to Plaintiff on the basis that there is a dispute concerning coverage and benefits under the Certificate.

## CLAIM FOR DECLARATORY JUDGMENT

38.     Plaintiff realleges and incorporates Paragraphs 1 through 37 as if fully set forth herein.

39.     Plaintiff seeks a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.  Such a declaration is necessary to determine the

rights and obligations of the parties with respect to the Certificate. A declaratory judgment will fully and finally resolve the uncertainty and controversy between the parties relating to this issue.

40.     Joseph Schwaegel is not entitled to any benefits under the Certificate because Leonila Schwaegel failed to disclose material information about her medical history in the Application for the Certificate as required by the terms of the Certificate.

41.     Joseph Schwaegel is not entitled to any benefits under the Certificate because Leonila Schwaegel's misrepresentations and/or omissions in the Application concerning her medical history render the Certificate null and void from its inception under New Mexico law.

42.     Plaintiff relied upon the misrepresentations and/or omissions made by Leonila Schwaegel in the Application and, as a result, was deprived of the opportunity to estimate its risk under the contract.

43.     Plaintiff would not have issued the Certificate as applied for if Plaintiff had known the material information concerning Leonila Schwaegel's medical history that she misrepresented and/or omitted in the Application for the Certificate.

WHEREFORE, Plaintiff The Independent Order of Foresters requests that the Court grant the following relief:

A.     A declaration that coverage under the Certificate is null and void from its inception.

B.     A declaration that Joseph Schwaegel is not entitled to receive any benefits under the Certificate and that Plaintiff is not obligated to pay any benefits under the Certificate.

C.     A declaration that the Certificate is rescinded, with the premium to be refunded to Joseph Schwaegel.

D.     For such further or additional relief as the Court deems appropriate.

Respectfully submitted:

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By_____
         Seth L. Sparks
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395

*Attorneys for Plaintiff The Independent Order of Foresters*


<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on April 14, 2023, I filed the foregoing using CM/ECF which caused the all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:_____/s/ *Seth L. Sparks*_____
         Seth L. Sparks